ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHARLES F. BISESTO (CABN 271353)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6405
    FAX: (415) 436-7234
    Charles.Bisesto@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:23-mj-71176-MAG |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF PRELIMINARY HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD |
| v. | |
| ELVIN MELENDEZ-CRUZ, | |
| Defendant. | |

       Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Charles Bisesto, and defendant Elvin Melendez-Cruz ("Defendant"), by and through his counsel of record, John Paul Reichmuth, hereby stipulate as follows:

       1.     On August 4, 2023, the Honorable Donna M. Ryu, Chief U.S. Magistrate Judge, issued a Criminal Complaint charging Defendant with a violation of 21 U.S.C. § 843(b), Illegal Use of a Communications Facility.  *See* Dkt. 1.

       2.     On August 7, 2023, after being arrested, Defendant's initial appearance was held.  At that hearing, Defendant was arraigned on the complaint and remanded to the custody of the United

States Marshals.  *See* Dkt. 3.  The matter was put over to October 6, 2023 for a status on the preliminary hearing/arraignment and possible detention hearing.  *Id.*

3. Additionally, at the August 7, 2023 hearing, Defendant agreed to exclude time both under the Speedy Trial Act and under Rule 5.1 of the Federal Rules of Criminal Procedure.  *See* Dkt. 5.

4. As of the date of this filing, the government has just produced a large amount of discovery related to this matter that defense counsel is now reviewing.  The discovery includes search warrants, surveillance reports, lab reports and search reports related to Defendant.  The government is also in the process of producing the wiretap affidavit and related wiretap evidence that led to the charges in this case.  That evidence requires redactions before being produced.  Because of the amount of discovery, the parties are asking to continue the October 6, 2023 court date.  The parties do not believe the October 6 court date will be fruitful and simply need more time to finalize discovery and discuss the case status.

5. For this reason, the parties stipulate that this case can be continued to November 7, 2023 for a further hearing.

6. The parties further believe that failure to grant the continuance would deny Defendant and his counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Defense counsel represents that his client understands that he has a right under 18 U.S.C. § 3161(b) to be charged by information or indictment with the offense alleged in the pending criminal complaint and that his client knowingly and voluntarily waives that right and agrees to continue to exclude the time to be charged by indictment and agrees to set a status in this matter on October 6, 2023.  Defense counsel further represents that his client knowingly and voluntarily waives the timing for preliminary hearing under Federal Rule of Criminal Procedure 5.1 through November 7, 2023.

8. For purposes of computing the date under Rule 5.1 of the Federal Rules of Criminal Procedure for preliminary hearing, and the date under the Speedy Trial Act by which defendants must be charged by indictment or information, the parties agree that the time period of October 6, 2023, to

November 7, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at Defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

**IT IS SO STIPULATED.**

DATED: October 4, 2023                    Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

/s
CHARLES F. BISESTO
Assistant United States Attorney

DATED:  October 4, 2023

/s (signed with permission)
John Paul Reichmuth
Counsel for Defendant Melendez-Cruz

**ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Preliminary Hearing Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, as well as to waive the timing for preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The hearing for preliminary hearing and arraignment on information or indictment in this matter currently scheduled for October 6, 2023 is continued to November 7, 2023. The time period of October 6, 2023 to November 7, 2023, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b) pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.

October 4, 2023
DATE

HON. DONNA M. RYU
Chief Magistrate Judge, U.S. Magistrate Court

4